# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4760 | **DATE** | 8/10/2001 |
| **CASE TITLE** | Earnest Jackson vs. Larry G. Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for attorney's fees under the Equal Access to Justice Act [18-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 1 3 2001 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/10/200 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| IS | courtroom deputy's initials | | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

COPY FILED FOR DOCKETING
01 AUG 10 PM 3: 53

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **EARNEST JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 00 C 4760 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **LARRY G. MASSANARI**, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED AUG 13 2001

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Earnest Jackson, sought judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Jackson Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Jackson argued that the Administrative Law Judge (the "ALJ") erred by applying Rule 203.11 of the Medical-Vocational Guidelines (the "Grids"), by failing to apply section 203.00(c) of the Grids, and by transgressing SSR 96-5p. On May 25, 2001, this Court remanded the case to the ALJ for further proceedings in accordance with SSR 96-5p. Plaintiff's arguments regarding Rule 203.11 and section 203.00(c) were without merit.

In light of the remand, Jackson now seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d)(1)(A). For the following reasons, Jackson's motion is denied.[1]

---

[1] The parties have consented to have this Court conduct any and all proceedings, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).



# I.    Background

As discussed more fully in *Jackson v. Massanari*, No. 00 C 4760, 2001 WL

648634 (N.D. Ill. May 25, 2001), Jackson applied for DIB and SSI on December 21,

1998, alleging that he became disabled on September 27, 1996. Jackson presented

several medical conditions, chiefly diabetes, hypertension, and back pain. The Social

Security Administration denied both applications initially and on reconsideration.

Jackson then requested a hearing before an ALJ. At the hearing, the ALJ elicited

testimony from Jackson; Dr. Lawrence Perlman, a medical expert; and Linda Gels, a

vocational expert. In view of this and other evidence, the ALJ concluded that Jackson

was not disabled based on Rule 203.11. Jackson requested review of the ALJ's decision

but that request was denied.

Pursuant to 42 U.S.C. § 405(g), Jackson sought review in federal court, requesting

a remand on three grounds. First, the ALJ erred in applying Rule 203.11 of the Grids.

Rule 203.11 dictates a finding of not disabled where a claimant can perform medium

work, is of advanced age, has a limited education or less, and has unskilled previous work

experience. Medical-Vocational Guidelines, 20 C.F.R. ch. III, pt. 404, subpt. P, app. 2,

R. 203.11. Second, the ALJ erred by not applying section 203.00(c) of the Grids.

Section 203.00(c) precedes Rule 203.11 and recommends a finding of disabled. *Id.*

§ 203.00(c). Third, the ALJ erred by not contacting Dr. Lakshmi Duraj, Jackson's

treating physician, to ascertain the basis of Dr. Duraj's December evaluation. According

to the ALJ, Dr. Duraj's December evaluation "appear[ed] to be inconsistent" with

Dr. Duraj's May reports. (Record at 18.) Failure to contact Dr. Duraj in light of this ambiguity, Jackson argued, constituted a transgression of SSR 96-5p.

On review, this Court discussed and dismissed Jackson's first and second grounds. We held that Rule 203.11 accurately and completely reflected Jackson's level of education and that section 203.00(c) was inapplicable to Jackson, who possessed relevant work experience. *See Jackson*, 2001 WL 648634, at *4-5.

The ALJ's expressed uncertainty with regard to Dr. Duraj's medical reports, however, caused us to remand for further proceedings in accordance with SSR 96-5p. As we stated, on issues reserved to the ALJ, SSR 96-5p requires the ALJ to contact a treating physician when the ALJ cannot ascertain the basis for the treating physician's opinion. Because of this finding, the instant motion ensued.

## II. <u>Discussion</u>

The EAJA provides that a court shall award attorney's fees to a party who prevails against the United States in certain civil actions, including proceedings for judicial review of an agency action, unless the court finds that the position of the United States was substantially justified (or that special circumstances would make an award unjust). 28 U.S.C. § 2412(d)(1)(A). The movant bears the burden of showing that he prevailed in the civil action. If the burden is met, the United States must show that its position was substantially justified to avoid the imposition of fees. *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991); *Shepard v. Sullivan*, 898 F.2d 1267, 1273 (7th Cir. 1990).

Jackson asserts that he is a prevailing party by virtue of obtaining a sentence-four remand, citing *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not dispute this, and neither do we. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 980 (7th Cir. 1999); *O'Connor v. Shalala*, 23 F.3d 1232, 1234 (7th Cir. 1994). Accordingly, our inquiry focuses on whether the Commissioner has shown that his position was substantially justified.

In making this inquiry, we are mindful that the "Commissioner's position" encompasses both his conduct at the agency level and his conduct before this Court. *Cummings*, 950 F.2d at 496; *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1086-87 (D.C. Cir. 1986). Yet, rather than make conclusions as to each of these temporally distinct elements, the EAJA requires this Court to arrive at a single conclusion that accommodates the entire civil action. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). A case is treated as "an inclusive whole." *Comm'r v. Jean*, 496 U.S. 154, 161-62 (1990).

Further, a finding that a party prevailed in federal court does not automatically permit that party to recover fees. *Rose*, 806 F.2d at 1087. Substantial justification means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, it means "a 'reasonable basis both in law and fact.'" *Id.* It is well settled that a party's position can be substantially justified but incorrect, as long as a reasonable person could think that the position was correct. *Cummings*, 950 F.2d at 497 (quoting *Underwood*, 487 U.S. at 566 n.2); *see Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for

substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . .").

Lastly, we point out that as a corollary to the preceding two rules, a party's position may be substantially justified even though an aspect of the party's position is not substantially justified. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139-40 (4th Cir. 1993); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *4 (N.D. Ill. May 16, 2001). That is not to say an aspect of a party's position could never render the party's overall position not substantially justified. Rather, the effect of an aspect of a party's position on the party's overall position can only be known after considering its importance to and impact on the party's overall position. *Roanoke River Basin Ass'n*, 991 F.2d at 139-40. Put another way, the court must determine to what degree it taints the party's overall position.

In this case, we find that the Commissioner's position on SSR 96-5p did not sufficiently taint the Commissioner's overall position so as to result in the Commissioner's overall position lacking substantial justification. As the Commissioner remonstrates, all of the ALJ's findings were well supported by medical evidence in the record. Somewhat suggestive of the strength of the ALJ's overall position is the fact that Jackson never challenged the ALJ's findings for lack of substantial evidence.[2] We need not parse through each and every piece of evidence at this juncture; it suffices to say that

---

[2] Contrary to the Commissioner's assertion, this Court did not remand this case to the ALJ because an aspect of the ALJ's decision lacked substantial evidence. *Jackson*, 2001 WL 648634, at *6. Instead, this Court remanded the case because the ALJ failed to follow SSR 96-5p.

the December 1996 reports, the recurrent progress notes in 1997, 1998, and 1999, Dr. Dominic Gaziano's examination, and Dr. William Conroy's two assessments all evince that the Commissioner's position at the agency level and before this Court had more than a reasonable basis both in law and fact. The ALJ's ultimate finding of no disability at step five draws on all of this evidence.

We agree with Jackson that the Commissioner's position on SSR 96-5p was unreasonable; the ALJ did not understand the basis for Dr. Duraj's opinions. Further proceedings may flush out the basis of Dr. Duraj's opinions and perhaps present the ALJ with a different mix of evidence to consider—which is why the case was remanded. But in light of the present record, the importance of any clarification of Dr. Duraj's opinions to Jackson's case and the impact of any clarification of Dr. Duraj's opinions on the ALJ's ultimate finding of no disability seem inconsequential. Plainly, Jackson faces an uphill battle.

In sum, although we find the Commissioner's position on SSR 96-5p to be unreasonable, based on the record as it appeared prior to and during this litigation, we do not think that the Commissioner's position on SSR 96-5p sufficiently taints the Commissioner's overall position in this civil action so as to result in the Commissioner's overall position lacking substantial justification. For that reason, Jackson's motion for attorney's fees is denied; the Commissioner's overall position was substantially justified.

### III.   Conclusion

For the reasons stated, Jackson's motion for attorney's fees pursuant to 28 U.S.C.

§ 2412(d)(1)(A) is denied.

**ENTER ORDER:**


**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:**  August 10, 2001.

Copies have been mailed to:

AGUSTIN G. GARCIA, Esq.
Agustin G. Garcia, P.C.
53 West Jackson Boulevard
Suite 730
Chicago, IL 60604

Attorney for Plaintiff

JOAN LASER
Assistant U.S. Attorney
U. S. Attorney's Office
219 South Dearborn Street
5th Floor
Chicago, IL 60604

Attorney for Defendant